UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAYMOND Y. MORALES,<br><br>Defendant. | No. 2:17-PO-0137 DB<br><br>ORDER |

This matter came before the court on May 23, 2017, for the sentencing of Defendant Raymond Y. Morales. Assistant United States Attorney Robert Artruz represented the government and Deputy Federal Defender Rachelle Barbour represented Defendant Morales who was present in court.

Defendant Morales was issued a citation at Camp Pendelton, California, in the Southern District of California, for driving on a suspended license on August 16, 2016 in violation of California Vehicle Code section 14601.2(a) which carries a sentence of "**not less than 10 days** and more than six months" in jail and a fine of not less than $300 and not more than $1,000. C.V.C. § 14601.2(d)(1) (emphasis supplied). In November of 2016, the case was transferred to the Eastern District of California. In February of 2017, defendant appeared before the undersigned and pled guilty. The matter was then set for sentencing, which was ultimately scheduled for May 23, 2017.

1

Pending before the court are the sentencing memoranda filed by the government (ECF Nos. 4; 8) and defendant (ECF Nos. 3; 7; 10). The government asserts that this court cannot exercise jurisdiction over this case and that the matter must be transferred back to the Southern District of California. The undersigned agrees. Upon consideration of the arguments on file and those made at the hearing, defendant's guilty plea is voided and this matter shall be transferred back to the Southern District of California for all further proceedings.

**I.     Background**

Defendant was issued a citation in the Southern District of California for driving on a suspended license on August 16, 2016. (ECF No. 1.) Defendant's case was originally scheduled to be heard before Magistrate Judge Jan. M. Adler of the Southern District of California. See United States v. Raymond Y. Morales, Case No. 3:16-po-02138-JMA-1 (S.D. Cal. 2016). On November 29, 2016, defendant's case was transferred to the Eastern District of California. United States v. Raymond Y. Morales, Case No. 3:16-po-02138-JMA-1, ECF No. 3 (S.D. Cal. Nov. 29, 2016).

On February 14, 2017, defendant appeared before the undersigned in the Eastern District of California, where this court conducted a Federal Rule of Criminal Procedure 11 plea colloquy and accepted defendant's guilty plea to a violation of Title 18, United States Code, Section 13, California Vehicle Code Section 14601.2(a) for driving under a suspended license. The matter was then set for sentencing, which, after a subsequent status conference on March 21, 2017 (ECF No. 9), was reset for May 23, 2017.

**II.    Legal Standards and Analysis**

**A.     Jurisdiction to Accept Guilty Plea and Impose Sentence**

"Without jurisdiction the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S. 506, 514 (1869). Accordingly, when a court "assume[s] a jurisdiction which in fact it could not take, . . . all the proceedings in that court must go for naught." Riverdale Cotton Mills v. Ala. & Ga. Mfg. Co., 198 U.S. 188, 195 (1905); see also Cunningham v. BHP Petroleum Gr. Brit. PLC, 427 F.3d 1238, 1244 (10th Cir. 2005) (holding that "[a] court may not exercise authority over a case" for which it lacks jurisdiction (quotation and alteration omitted)).

In the government's supplemental sentencing memorandum, it argues that this court cannot exercise jurisdiction over this case because the November 29, 2016 transfer from the Southern District of California violates Federal Rule of Criminal Procedure 58(c). (ECF No. 8.) Rule 58(c) outlines procedures for a criminal defendant in a petty offense case to waive venue and plead guilty or nolo contendere in a district other than the one where the petty offense occurred. Fed. R. Crim. P. 58(c). The rule explicitly states that the procedures for waiving venue are applicable only "in a case involving a petty offense for which no sentence of imprisonment will be imposed." Id.

Defendant argues that this restriction in Rule 58 bars the court from imposing a sentence of imprisonment in this case. (ECF No. 7 at 2.) Quoting United States v. Ramirez, 555 F. Supp. 736, 740 (E.D. Cal. 1983), defendant contends that the term "'petty offenses for which no sentence of imprisonment will be imposed' . . . means any petty offenses, regardless of the penalty authorized by law, as to which the magistrate determines that, in the event of conviction, no sentence of imprisonment will actually be imposed in the particular case." (ECF No. 7 at 2.)

Defendant asserts that he emailed the Central Violations Bureau (CVB) -- a "national center charged with processing violation notices (tickets) issued and payments received for petty offenses committed on federal property"[1] -- to request that his case be transferred to avoid the burdensome costs of traveling to San Diego to address the citation. (Id. at 3.) Defendant states that he filled out the waiver form provided by an employee using the public email address of CVB (id.) and then received confirmation on the court docket in the Southern District of California that his citation was transferred to the Eastern District of California (United States v. Raymond Y. Morales, Case No. 3:16-po-02138-JMA-1, ECF No. 3 (S.D. Cal. Nov. 29, 2016)). Because the waiver of venue was "approved" and the case transferred, defendant argues that the Southern District of California effectively limited this court's jurisdiction, dictating that no sentence of imprisonment may be imposed in this case. (ECF No. 7 at 3-4.)

////

---

[1] See https://www.cvb.uscourts.gov/ (last visited May 11, 2017).

3

1 | However, the transfer order entered by the Southern District of California does not explicitly "approve" the venue waiver, nor does it impose any restrictions upon the court to receive the case. See United States v. Raymond Y. Morales, Case No. 3:16-po-02138-JMA-1, ECF No. 3 (S.D. Cal. Nov. 29, 2016). Additionally, the government did not "approve" of the waiver, nor did it agree to recommend a sentence that did not include imprisonment. Furthermore, CVB is bureaucratic entity charged with "processing violation notices (tickets) issued and payments received for petty offenses committed on federal property;" it does not have authority to limit the jurisdiction of magistrate judges carrying out their statutorily-mandated duties of hearing petty offense cases and imposing sentences within the statutory guidelines.

The transfer order from the Southern District of California consists solely of the following text: "Final Judgment as to Raymond Y Morales, Count (1) Rule 58 Transfer(NT). Initial Appearance / Status re Transfer Request set for 12/21/2016 is Vacated. Citation has been Transferred to Eastern District of CA at Sacramento. Initial Appearance is now for set for 2/14/2017 at 9:00 am, in Sacramento. Case Closed." United States v. Raymond Y. Morales, Case No. 3:16-po-02138-JMA-1, ECF No. 3 (S.D. Cal. Nov. 29, 2016). As the order notes, defendant had not yet made an initial appearance in the case when the matter was transferred. Moreover, the order makes no mention of any restrictions being imposed upon the receiving court in the Eastern District of California, such as a determination that defendant not be sentenced to imprisonment.

Defendant cites to United States v. Downin, 884 F. Supp. 1474 (E.D. Cal. 1995) for the proposition that the Southern District's transfer order "approving" waiver of venue was a prospective pretrial decision that imprisonment will not be considered among authorized sentences regardless of statutory penalties. (ECF No. 7 at 4.) In Downin, a magistrate judge did not appoint an attorney to represent the defendant in a petty offense case. In making the decision, the magistrate judge relied upon "what the government [was] seeking" (i.e., the government represented it was not seeking imprisonment) without independently ruling that the court would not impose imprisonment no matter the outcome of the case. The district court thereafter ruled that the defendant **was entitled to counsel** because the magistrate judge's decision was based

upon the prosecutor's representations and not the judge's own pretrial determination that no jail would be imposed. Downin, 884 F. Supp. 1474; see also United States v. Rojo, 727 F.2d 1415 (the rule places the responsibility of making the determination on the magistrate, not the prosecutor).

Here, defendant claims that the transfer order was a pretrial determination -- analogous to the determination made by a magistrate judge concerning the appointment of counsel in petty offense matters -- that no jail term would be imposed. However, in Downin, the district court rejected the argument that the magistrate judge's decision reflected an "implicit" determination that the court would not impose imprisonment. 884 F. Supp. at 1479 n. 9. "Whatever may have been the intent, the words used denote[d] that it [wa]s the prosecutor's decision which guide[d] sentencing and thus the availability of counsel." Id. Analogously, whatever the intent of the magistrate judge in the Southern District of California in transferring this case, the words used in the transfer order make no explicit determination that imprisonment may not be imposed.

In United States v. Arnold, No. 3:15–cv–00109–MMD–WGC, 2015 WL 6123208 (D. Nev. Oct. 16, 2015), a defendant attempted to withdraw his waiver of venue under Federal Rule 58 because he never actually signed the document. The court ruled that the defendant's on-the-record affirmations of the waiver were sufficient to maintain the defendant's convictions because "the absence of a written waiver was a ministerial failure that does not affect the legitimacy" of the defendant's convictions. Id. at *1. Defendant argues that this court should follow Arnold because to transfer the case back to the Southern District of California would punish defendant because of an error that was not his own fault. (ECF No. 7 at 4-5). The court disagrees.

There is no error that is prejudicial to defendant in this case. The "ministerial failure" here was the transfer of the case by CVB contrary to the Federal Rules of Criminal Procedure. To allow this "ministerial failure" to stand would require this court to assert jurisdiction in a case over which it has none. Furthermore, to allow this case to go forward would promote the perverse outcome where a defendant could always avoid imprisonment through the administrative procedure of signing a form and transferring a case through CVB without prosecutorial or judicial approval.

1 | Defendant's violation of C.V.C. § 14601.2(a) carries a sentence of "**not less than 10 days** and more than six months" in jail and a fine of not less than $300 and not more than $1,000. C.V.C. § 14601.2(d)(1) (emphasis supplied). The vehicle code further states that "[i]f a person is convicted of a first offense under this section and is granted probation, the court shall impose as a condition of probation that the person be confined in the county jail for at least 10 days." C.V.C. § 14601.2(e). Thus, the code is clear that, under no circumstances, may a court impose a sentence that does not include imprisonment for this offense. And a court cannot impose a sentence that that is less than that required by statute. United States v. Working, 224 F.3d 1093, 1103 (9th Cir. 2000) ("As a general rule, district courts cannot impose a sentence below a statutory mandatory minimum.").

For the foregoing reasons, the undersigned determines that this court does not have jurisdiction to accept defendant's guilty plea and impose sentence.

### B. Voiding Guilty Plea and Transferring Case

Finally, defendant argues that this court has already accepted the guilty plea and cannot vacate it. While defendant is technically correct that the court cannot **vacate** his guilty plea *sua sponte* or on motion of the government, the court's lack of jurisdiction over this case **voids** the guilty plea that was previously accepted. It is well settled that "[t]he judgment of conviction pronounced by a court without jurisdiction is void." Johnson v. Zerbst, 304 U.S. 458, 468 (1938); see also United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004).

"Without jurisdiction the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S. at 514. Accordingly, when a court "assume[s] a jurisdiction which in fact it could not take, . . . all the proceedings in that court must go for naught." Riverdale Cotton Mills, 198 U.S. at 195. Unlike an order vacating a judgment, a decision holding that a court lacked jurisdiction voids each and every action taken in the case. Thus, defendant's guilty plea is hereby void and the matter must be transferred back to the Southern District of California for all further proceedings.

////

////

6

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant's guilty plea entered on February 14, 2017 is voided, along with all other proceedings held in this district. The Clerk's Office is directed to transfer this case back to the Southern District of California for all further proceedings.

### IV. Stay of Court's Order

During the May 23, 2017 hearing, counsel for Defendant Morales stated that should the undersigned find that there was no jurisdiction for this court to act in this matter, the defense would challenge that order and requested a stay of such an order pending appeal. The government did not object to a stay.

This order may be appealed to a district judge within 14 days of its entry. Fed. R. Crim. P. 58(g)(2)(A). Should this order be appealed, the order is stayed until resolution of any appeal.

Dated: May 23, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM - DLB:10
ORDERS / ORDERS.CRIMINAL / mora0137.juris